Laurie TARDIFF, individually and on behalf of others similarly situated, Plaintiffs

v.

KNOX COUNTY, Daniel Davey, in his individual capacity and in his official capacity as Knox County Sheriff, Defendants.

Civil No. 02–251–P–C.

United States District Court, D. Maine.

Sept. 21, 2006.

Dale F. Thistle, Law Office of Dale F. Thistle, Newport, ME, Sumner H. Lipman, Benjamin James Smith, James A. Billings, Robert J. Stolt, Tracie L. Adamson, Lipman, Katz & McKee, Augusta, ME, Frank P. Diprima, Law Office of Frank P. Diprima, Morristown, NJ, for Plaintiffs.

Cassandra S. Shaffer, Peter T. Marchesi, Wheeler & Arey, P.A., Waterville, ME, John J. Wall, III, Monaghan Leahy, LLP, Timothy P. Fadgen, Prescott, Jamieson, Nelson & Murphy, LLC, George T. Dilworth, Kimberly L. Murphy, McCloskey, Mina & Cunniff, LLC, Portland, ME, for Defendants.

## *ORDER STRIKING PREVIOUSLY FILED EXHIBIT LISTS*

GENE CARTER, Senior District Judge.

The Court's ongoing review of the Docket in preparation for commencement of trial now scheduled for October 3, 2006, has disclosed another pretrial instance of a clear violation of one of this Court's prior orders in respect to pretrial preparation as specifically articulated in the Court's Pretrial Orders (Docket Items Nos. 181–1 and 187–2). This tactic appears to be in execution of an apparent overarching strategy indulged by counsel to sow confusion in the pretrial record and involves the pretrial filing of a required *"Consolidated"* Exhibit List.

The Court previously stated in both pretrial orders, as part of its pretrial preparation Order, that:

2. Counsel shall jointly prepare a consolidated and comprehensive list of all exhibits to be offered at trial. As to each listed exhibit, the list shall concisely describe it, identify it by identification marking, note the sponsoring party, and indicate whether the sponsoring party expects to offer it in evidence or may offer it if the need arises and whether objection is anticipated, and, if so, on what basis. The consolidated exhibit list *(without the exhibits)* shall be provided to the court with the trial briefs.

**Counsel were provided with a form exhibit list which must be used at trial.**

Reports of Final Pretrial Conference and Orders (Docket Item Nos. 181–1 and 187–2 at 8). That provision of those Orders, which is a provision routinely included in such orders by this Court, was intended to require counsel to meet together and consider the specific, identifiable exhibits each intended to offer at trial, to give opposing counsel timely notice of those exhibits, to discuss and determine if any of the proposed exhibits could be admitted without objection or by stipulation, and, if to be the subject of objection, to so signal to counsel and the Court with an indication of the likely basis of objection. It was intended that these, at least nominally collegial, endeavors would yield a *single* (e.g. thus the use of the word "consolidated" in the Orders) Exhibit List that reflected, for the convenience and economy of the Court and counsel at trial, the foregoing information. That requirement is also intended by the Court to require counsel to focus on evidentiary determinations and postures before commencement of trial that will expedite the performance of counsel at trial, even perhaps sharpening counsels' understanding of the case and the problems of proof reasonably to be anticipated at trial,

as well as to alert the Court to likely evidentiary issues to be resolved at the trial so that their resolution can be accomplished with a minimum of delay, a maximum of accuracy, and a diminished need for extended rhetorical indulgences of counsel at trial.[1]

Properly performed with a benign, willing and professionally responsible spirit and will, the preparation of a *Consolidated* Exhibit List will yield, as it is intended to do, positive benefits for the Court's considerations of trial issues and opportunities for sharpened performance and understanding by counsel. Thus, the requirement is not one idly entered by this Court but is the considered result of the lessons derived and crystallized from almost thirty years of judicial trial experience. It is not intended to be ignored by counsel, blown off without comment, in this or any other case.

Far from responding to the requirement with any recognition, much less any zeal or respect, counsel in this case have continued to indulge their counterproductive animadversions to inter-counsel etiquette and professional courtesy and a complete disdain for orderly development of manageable and understandable trial conditions in this case by total disregard of the Court's Orders in respect to the preparation of a Consolidated Exhibit List. There now appears on the docket of this case a total of 30 pages of Exhibit Lists designated as original, "supplemental," "amended," and all repetitive and cumulative in nature. The Court, which has not been pleased for a long time with the conduct of counsel in this case, is even less pleased now after this performance.

The subject filings consist of the following:

1. Defendants' Exhibit List (Docket Item No. 260)—157 exhibits, five pages;

2. Plaintiffs'(?)[2] Exhibit List (Docket Item No. 262)—54 exhibits, five pages;

3. Defendants' Exhibit List (Docket Item No. 267)—157 exhibits, six pages;

---

1. The need for the defining, regularizing, notice-giving effect of the Court's Order is especially pressing and important in the circumstances of this case. In accordance with standard practice in this Court *see*, Local Rule 16.4(b), the parties filed Final Pretrial Memoranda and Amended Memoranda (Docket Items Nos. 169, 170, 178, 256, and 257). In each filing, the parties indicated, respectively, as required by the Rule, "[A] list of the documents and things the party intends to offer at trial." Local Rule 16.4(b). In the *initial filings, the listings were by expansive* and undefined categories of documents, such as all documents produced or listed in discovery, all Knox County jail records for a specific period of years, all documents used in summary judgment proceedings, all documents produced in discovery of either party and "such other exhibits upon reasonable notice which were prepared or produced in response to discovery and not referenced above." Docket Item # 170 VIII, 8, at 26. These expansive categories proposed by Plaintiffs were adopted by Defendants in their responding Pretrial Memoranda as to identification of exhibits intended to be offered by the Defendants at trial. As the filings went on, the listings of specific documents in addition to these categories grew longer and longer.

The end result of this imaginatively illusory technique was that no party, nor anyone else, could have any idea, much less assurance, as to what was really proposed to be offered as an exhibit at trial in terms of meaningful notice. Hence, there was created a hyper-invigorated compulsion and need in this case for the Court's Pretrial Order to force counsel to come to grips with the specifics of their respective designations of the trial exhibits in order to ensure the fairness and efficiency of the use of all exhibits at trial.

2. This filing does not identify, by title or other notation, which party has filed it. The ECF automatic filing note does indicate that it was filed by Plaintiffs' counsel.

4. Defendants' Amended Exhibit List (Docket Item No. 269)—157 exhibits, six pages; and

5. Defendants' Second Amended Exhibit List (Docket Item No. 323)—284 exhibits, eight pages[3];

The resulting state of the docket creates the likelihood, if not the certainty, absent the Court's therapeutic intervention, of the need for the Court and counsel to weed through a morass of repetitive, cumulative, and confusing information in respect to pretrial notification of exhibits that will be fraught with great difficulty and which will unnecessarily impede the efficient progress of the trial process. Avoidance of such contretemps is precisely the result the Court's Order was intended to avoid. Counsel have never indicated to the Court that they have even *attempted* to create a *Consolidated* Exhibit List, and their filings give no hint that they have done so.

Accordingly, it is hereby **ORDERED** that all Exhibit Lists filed herein prior to this date be, and they are hereby, **STRICKEN**, including *inter alia* Docket Items Nos. 260, 262, 267, 269, and 323. It is hereby **FURTHER ORDERED** that counsel shall forthwith meet face to face and prepare for filing in accordance with the Court's prior Orders (Docket Items Nos. 181–1 and 187–2 at 8) a *Consolidated* Exhibit List to contain the information indicated, *supra* at 2, and that said *Consolidated* Exhibit List be filed not later than three (3) days prior to the actual commencement of trial herein. In default of such a compliant filing, the Court will not consider *any* exhibit offered at trial to be timely noticed and will determine in the case of each exhibit tendered at trial the

consequences of that fact on the admissibility of the exhibit at trial.

I *mean* for counsel to comply with this requirement. This Order is intended to be fair warning of that intention.

---

**3.** The successive filings give no indication of what occasioned the need for repetitive filings or of any differences in identity of listed witnesses among the various lists. Both opposing counsel and the Court are left to their own devices to determine if there are, in fact, differences and if so, what they are.